CHERRYHOLMES, Admrx, etc v NITZ, etc.

Ohio Appeals, 9th Dist, Summit Co
No 1741. Decided June 19, 1930

Lahemer and Hadley, Akron, for Cherry-holmes.

Rockwell and Grant, Akron, for Nitz.

PER CURIAM.

After a careful reading and consideration of the pleadings and the evidence as shown by the record, we have reached the conclusion that the doctrine of last clear chance was not presented either by the pleadings or the evidence and that there was no error in the court's failure to charge upon that subject.

The claim that one of the special requests to charge which the court gave before argument was erroneous, is based upon the theory that the doctrine of last clear chance was in the case, and our finding that it was not, disposes of that claimed error.

The other charge which was given to the jury before argument, at the request of the defendants, is as follows:

"3. If you find by a preponderance of the evidence that Eugene Cherry-holmes, in attempting to cross High street at the time of this event, stepped from the curb into the street at a time when the driver of defendants' car was so close to him that in the exercise of ordinary care, in the operation thereof, he was unable to stop or divert the course of the same in time to avoid the collision then there can be no recovery by plaintiff in this case and your verdict must be for the defendants."

By the giving of said charge the court determined that if the jury found that the accident occurred in the manner claimed by defendants, plaintiff's decedent was guilty of contributory negligence as a matter of law and that such negligence was the proximate cause of his death. It is urged that this was clearly erroneous; that the questions of contributory negligence and proximate cause should have been left to the determination of the jury.

The charge as given did leave to the jury the determination of whether or not the accident happened in the manner claimed by the defendants, and if the jury found that it did not happen in that manner, the charge as given had no bearing or effect upon or application to the case; in other words, the charge is so drawn as to carefully limit its application to the theory of the accident as claimed by the defendants, and if the accident did happen in that way, we are of the opinion that, as a matter of

law, plaintiff's decedent was guilty of contributory negligence which was the proximate cause of his death, and that therefore, as applied to the situation as presented by the record in this case, the giving of said charge was not error.

The defendants had a right to have the jury told that if the accident happened in the way they claimed, there was no liability. It is conceded that the decedent was not attempting to cross the street at a crossing and that he was going in a diagonal direction, so that defendants' machine was to his left and back of him, and the evidence on behalf of the defendants was to the effect that he left the curb when the machine was less than five feet from him and that he walked into the side of the machine and was thrown down; and the jury was told by this charge that if said decedent stepped from the curb into the street at a time when the driver of defendants' car was so close to him that in the exercise of ordinary care in the operation thereof said driver was unable to stop or divert the course of said car in time to avoid the collision, then the proximate cause of the death of plaintiff's decedent was due to his own negligence; and it seems to us that reasonable minds could not differ on that proposition and that the giving of said charge was not error.

Judgment affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.